IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-113-BO

KAREN S. BADGER, ADMINISTRATRIX )
OF THE ESTATE OF A.C.B., JR., )
                 Plaintiff, )
                               )
v.                               )      O R D E R
                               )
JOHN MALCOLM BULLARD, II; BIRDIE )
C. POTTER; and MICHAEL D. POTTER, )
                 Defendants. )

This matter is before the Court on Defendant Birdie Potter's Motion to Dismiss [DE 19]. A hearing on the instant motion was held before the undersigned on December 20, 2011, in Edenton, North Carolina, and, for the reasons discussed below, Defendant Birdie Potter's Motion to Dismiss is denied.

## BACKGROUND

Plaintiff filed this action in admiralty following the drowning of the minor decedent, A.C.B., Jr., in the Neuse River, near the town of Oriental, North Carolina, on July 5, 2009. Decedent's death occurred after he was thrown from a wave runner personal watercraft that was operated by Defendant John Bullard. Plaintiff's complaint alleges that Defendant Birdie Potter is the registered owner of the wave runner personal watercraft (wave runner) from which decedent was thrown, and that Defendant Michael Potter, the son of Birdie Potter, is the owner *pro hac vice* of the wave runner from which decedent was thrown. Plaintiff's complaint further alleges the following causes of action: negligence of Defendant John Bullard and of Birdie and Michael Potter under the doctrine of *respondeat superior*, negligent entrustment by Defendant Michael

Potter, and punitive damages against Defendants Bullard and Michael Potter.

Defendant Birdie Potter (B. Potter) filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to allege facts sufficient to establish that B. Potter is liable for the negligence of Defendant Bullard under the doctrine of *respondeat superior*.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 544 U.S. at 1973.

Because this action involves a personal watercraft accident on the navigable waters of the United States, it lies within this Court's admiralty jurisdiction. *See Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996). When sitting in admiralty, the court applies federal admiralty law, which may be supplemented by state law where there is no directly applicable admiralty law. *Ost-West-Handel Bruno Bichoff GmbH v. Project Asia Line, Inc.*, 160 F.3d 170, 174 (4th Cir. 1998). "A state law, even though it does not contravene an established principle of admiralty law will, nevertheless, not be applied where its adoption would impair the uniformity

2

and simplicity which is a basic principle of the federal admiralty law." *Byrd v. Byrd*, 657 F.2d 615, 617 (4th Cir. 1981). As there appears to be no federal admiralty law directly on point, the Court looks therefore to state law to inform its holding here.

North Carolina General Statute § 75A-10.2 provides that:

(a) In all actions to recover damages for . . . the death of a person, arising out of an accident or collision involving a vessel, proof of ownership of such vessel at the time of the accident or collision shall be prima facie evidence that the vessel was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose.
(b) Proof of the certificate of number stating the identification number awarded to the vessel as required by this Chapter, or proof of the licensing, registration, or documentation of the vessel as required by other state or federal law in the name of any person . . . shall for the purpose of any such action, be prima facie evidence of ownership and that the vessel was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of the operator's employment.

In addition to alleging that Defendant Bullard's negligence, and B. Potter and Michael Potter's negligence under the doctrine of *respondeat superior*, was the proximate cause of the decedent's death, paragraph eight of Plaintiff's complaint states that "[a]t all times material hereto Birdie C. Potter was the registered owner with the North Carolina Wildlife Resources Commission of a Yamaha make, Wave Runner model, personal watercraft, hull identification number YAMA 1291E505, bearing North Carolina Registration Number: NC 3823 DM."

The Court finds that Plaintiff has sufficiently plead B. Potter's ownership of the wave runner such that Plaintiff has made a prima facie showing of an agency relationship between B. Potter and the operator of the wave runner. *See Belmany v. Overton*, 270 N.C. 400, 404 (1967) (finding that, in the context of a similar automobile statute, allegation that defendant was operating the vehicle at the time of plaintiff's injuries as the agent of defendant sufficient to withstand demurrer). Importantly, this finding does not conclude that such relationship existed,

3

but merely permits the finding of an agency relationship upon further development of the facts. *See DeArmon v. B. Mears Corp.*, 312 N.C. 749, 756 (1985) (construing a similar automobile statute to "permit but . . . not compel a finding for plaintiff on the issue of agency").

## CONCLUSION

The Court finds that Plaintiff has sufficiently plead Defendant Birdie Potter's ownership of the wave runner personal watercraft to allow Plaintiff to proceed with her allegation of negligence by the doctrine of *respondeat superior*. Accordingly, Defendant Birdie Potter's Motion to Dismiss is DENIED.

SO ORDERED, this 25 day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE